## GEORGE JACOBS *v.* WILLIAM S. DUKE.

In an action against the owner of a horse and cart, for the negligence of his servant, resulting in injuries to a horse belonging to the plaintiff, it was *held* that evidence of the general reputation of the servant as a reckless driver, or that he had been careless on other occasions, was inadmissible.

The want of *ordinary* care on the part of the plaintiff, contributing to the injury, is fatal to an action for damages therefor.

Whether a degree of negligence *less* than the want of *ordinary* care, would deprive the plaintiff of a recovery; *quere?*

THE plaintiff sued the defendant in the marine court, as owner of a horse and cart, for the negligence of his servant in driving against and injuring a horse belonging to the plaintiff. The *plaintiff's* horse and cart were proceeding directly ahead of the defendant's, when the *former* were turned and backed to the curb, and the wheels of the *defendant's* cart passed over the feet and against the legs of the plaintiff's horse.

The case was tried before a jury. The plaintiff was suffered, against the defendant's objection, to prove the general reputation of the defendant's servant as a careless and reckless driver, and also that the servant had been careless on other occasions.

In view of other evidence given on the trial, the defendant requested the judge to charge, that if the plaintiff was himself guilty of want of ordinary care, and if his negligence contributed to produce the injury, the plaintiff could not recover. The judge refused so to charge, and stated to the jury that "the plaintiff's carelessness or negligence must have produced the injury," in order to exempt the defendant from liability. The plaintiff had a verdict, and the defendant appealed.

*Merwin R. Brewer*, for the defendant.

*C. W. Van Voorhis*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—The court below erred in admitting evidence of the *general reputation* of the defendant's driver, viz., that he is reputed a careless and reckless driver, &c.

Also, in admitting evidence that the driver was careless on other occasions, or even habitually careless.

Had the issue in this case been upon the question whether the defendant was *himself* guilty of negligence in the discharge of a duty to employ skillful agents, evidence that he had employed an unskillful or unsuitable person, and that he had knowledge of such want of skill or unfitness, might have been proper. But the question in this case was, did the plaintiff sustain injury by reason of the *actual negligence* of defendant's servant upon *that occasion?* If not, then no matter how often the defendant's servant had been negligent before, nor how unskillful he was in general. And if he *did*, then no matter how careful the defendant's servant had been before, or how skillful he was, and no matter whether the defendant was aware of any previous carelessness or not, he is liable.

The reputation of being a careless driver is too vague and unsatisfactory to found a verdict that he was careless upon a particular occasion, when all that in fact took place can be laid before the jury. The facts as they transpired are the only proper matter for their consideration.

The judge also erred in refusing to charge the jury that if want of ordinary care on the part of the plaintiff concurred with the negligence of the defendant's driver, both contributing to produce the injury, the plaintiff could not recover. Such is the rule of law. (*Burckle* v. *Dry Dock Co.* 2 Hall's S. C. R. 151; *Bush* v. *Brainerd*, 1 Cow. 78; *Rathbun* v. *Payne*, 19 Wend. 400; *Hartfield* v. *Roper*, 21 Wend. 615; *Brownell* v. *Flagler*, 5 Hill, 283; *Cook* v. *Champlain T. Co.* 1 Denio, 99; *Tonawanda R. R. Co.* v. *Munger*, 5 Denio, 256; *Brandt* v. *Troy R. R. Co.* 8 Barb. 368.) It is unnecessary now to inquire whether a degree of negligence *less* than the want of *ordinary* care would deprive the plaintiff of a recovery. Such a degree of negligence is sometimes called "slight neglect," but the want of *ordinary* care, when that contributes to the injury, is fatal to the plaintiff.

On both grounds I think the judgment should be reversed.

Judgment reversed.